# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF

In re:                                  §
                                        §
SERVELLON, ANTONIO                      §         Case No. 13-35267
SERVELLON, MICHELE                      §
                                        §
                                        §
                    Debtor(s)           §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter      of the United States Bankruptcy Code was filed on      . The undersigned trustee was appointed on          .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                         $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]                              $

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

  5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

  6.  The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

  7.  The Trustee's proposed distribution is attached as **Exhibit D**.

  8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

  The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____[2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____[2].

  Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____     By:/s/PAUL L. BANNER, Trustee_____
                Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Exhibit A

Page: 1

| Case No: | 13-35267    CGM    Judge: CECELIA G. MORRIS | Trustee Name: | PAUL L. BANNER, Trustee |
|---|---|---|---|
| Case Name: | SERVELLON, ANTONIO | Date Filed (f) or Converted (c): | 02/07/13 (f) |
|  | SERVELLON, MICHELE | 341(a) Meeting Date: | 03/21/13 |
| For Period Ending: | 01/16/15 | Claims Bar Date: | 05/01/14 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Single Family Residence 17 Huckleberry Lane Hopewe | 400,000.00 | 0.00 |  | 0.00 | FA |
| 2. Cash | 200.00 | 0.00 |  | 0.00 | FA |
| 3. Checking Account | 500.00 | 0.00 |  | 0.00 | FA |
| 4. Normal Household Goods | 1,500.00 | 0.00 |  | 0.00 | FA |
| 5. Normal Wearing Apparel | 500.00 | 0.00 |  | 0.00 | FA |
| 6. Michele Servellon as Beneficiary Elevator Construc | 7,000.00 | 0.00 |  | 0.00 | FA |
| 7. 401K - Laerdal Medical Corp. | 20,000.00 | 0.00 |  | 0.00 | FA |
| 8. Wells Fargo IRA | 12,000.00 | 0.00 |  | 0.00 | FA |
| 9. Wells Fargo IRA | 15,000.00 | 0.00 |  | 0.00 | FA |
| 10. 2011 Honda Civic | 10,000.00 | 0.00 |  | 0.00 | FA |
| 11. 2011 Ford Edge | 16,000.00 | 0.00 |  | 0.00 | FA |
| 12. inheritance (u) | 23,777.21 | 28,373.75 |  | 28,373.75 | FA |
| amount in bank was $10,777.21 and the non exempt portion is $3,777.21. Entitled to an additional $20K from attorney in NYC who is handling her deceased father's estate. |  |  |  |  |  |
| 13. 2012 tax refunds potential (u) | Unknown | 761.00 |  | 761.00 | FA |
| Owe NY State and refund from IRS is $761.00 |  |  |  |  |  |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)    $506,477.21    $29,134.75        $29,134.75    $0.00

(Total Dollar Amount in Column 6)

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Trustee to liquidate remaining inheritance from Mrs. father's estate. The debtors agreed that they received the tax

refund and spent it.  $4,538.21 is the amount debtors owe the estate. Trustee is investigating monies debtor is

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2

Exhibit A

| | |
|---|---|
| Case No: 13-35267    CGM    Judge: CECELIA G. MORRIS | Trustee Name:    PAUL L. BANNER, Trustee |
| Case Name:    SERVELLON, ANTONIO | Date Filed (f) or Converted (c):    02/07/13 (f) |
| SERVELLON, MICHELE | 341(a) Meeting Date:    03/21/13 |
| | Claims Bar Date:    05/01/14 |

receiving from her late father's lawsuit. Motion for turnover returnable April 1, 2014. Adjourned to another date by Court after hearing. ADV opened and returnable 11/18/14 for debtor's to turnover the money they should not have received and to revoke their discharge.

Initial Projected Date of Final Report (TFR): 06/30/14    Current Projected Date of Final Report (TFR): 01/30/15

FORM 2

Page: 1

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| Case No: | 13-35267 -CGM | | Trustee Name: | PAUL L. BANNER, Trustee |
|---|---|---|---|---|
| Case Name: | SERVELLON, ANTONIO | | Bank Name: | Empire National Bank |
| | SERVELLON, MICHELE | | Account Number / CD #: | *******5362 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******8504 | | | |
| For Period Ending: | 01/16/15 | | Blanket Bond (per case limit): | $ 4,640,851.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | Uniform Tran. Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | | | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | | 0.00 |
| 06/09/14 | | Reina I. Servellon | inheritance/ tax refunds | | | 4,538.21 | | 4,538.21 |
| | 12 | | Memo Amount: | 3,777.21 | 1229-000 | | | |
| | | | inheritance in bank | | | | | |
| | 13 | | Memo Amount: | 761.00 | 1224-000 | | | |
| | | | tax refunds | | | | | |
| 08/01/14 | | Empire National Bank | BANK SERVICE FEE | | 2600-000 | | 10.00 | 4,528.21 |
| 09/02/14 | | Empire National Bank | BANK SERVICE FEE | | 2600-000 | | 10.00 | 4,518.21 |
| 10/01/14 | | Empire National Bank | BANK SERVICE FEE | | 2600-000 | | 10.00 | 4,508.21 |
| 11/03/14 | | Empire National Bank | BANK SERVICE FEE | | 2600-000 | | 10.00 | 4,498.21 |
| 12/01/14 | | Empire National Bank | BANK SERVICE FEE | | 2600-000 | | 10.00 | 4,488.21 |
| 12/23/14 | 12 | Weitz & Luxenberg PC | settlement of inheritance | | 1229-000 | 19,596.54 | | 24,084.75 |
| 01/02/15 | | Empire National Bank | BANK SERVICE FEE | | 2600-000 | | 10.00 | 24,074.75 |
| 01/15/15 | 12 | Michelle Servellon | balance due from debtor | | 1229-000 | 5,000.00 | | 29,074.75 |

| | | | | | |
|---|---|---|---|---|---|
| Memo Allocation Receipts: | 4,538.21 | COLUMN TOTALS | 29,134.75 | 60.00 | 29,074.75 |
| Memo Allocation Disbursements: | 0.00 | Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| | | Subtotal | 29,134.75 | 60.00 | |
| Memo Allocation Net: | 4,538.21 | Less: Payments to Debtors | | 0.00 | |
| | | Net | 29,134.75 | 60.00 | |
| | | | | NET | ACCOUNT |
| Total Allocation Receipts: | 4,538.21 | TOTAL - ALL ACCOUNTS | NET DEPOSITS | DISBURSEMENTS | BALANCE |
| Total Allocation Disbursements: | 0.00 | Checking Account (Non-Interest Earn - ********5362 | 29,134.75 | 60.00 | 29,074.75 |
| Total Memo Allocation Net: | 4,538.21 | | 29,134.75 | 60.00 | 29,074.75 |
| | | | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

Page Subtotals    29,134.75    60.00

FORM 2

Page: 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 13-35267 -CGM | | Trustee Name: | PAUL L. BANNER, Trustee |
| Case Name: | SERVELLON, ANTONIO | | Bank Name: | Empire National Bank |
| | SERVELLON, MICHELE | | Account Number / CD #: | *******5362 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******8504 | | | |
| For Period Ending: | 01/16/15 | | Blanket Bond (per case limit): | $ 4,640,851.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform Tran. Code | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

Page Subtotals     0.00     0.00

| | | | EXHIBIT C | | | |
|---|---|---|---|---|---|---|
| Page 1 | | | ANALYSIS OF CLAIMS REGISTER | | | Date: January 16, 2015 |

Case Number: 13-35267  
Debtor Name: SERVELLON, ANTONIO

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>2700-00 | Bankruptcy Court<br>355 Main Street<br>Poughkeepsie NY 12601 | Administrative | | $350.00 | $0.00 | $350.00 |
| 001<br>3110-00 | Banner & Banner, Esq.<br>515 Haight Avenue<br>Poughkeepsie NY 12603 | Administrative | | $3,465.00 | $0.00 | $3,465.00 |
| 01<br>070<br>7100-00 | eCAST Settlement Corp.<br>Assignee of Capital One, N.A.<br>c/o Bass & Associates, P.C.<br>3936 E. Ft. Lowell Road, Suite #200<br>Tucson, AZ 85712 | Unsecured | | $109.01 | $0.00 | $109.01 |
| 02<br>070<br>7100-00 | David Belarge<br>dba Total Home Improvements<br>11 Apple Lane<br>Wallkill, NY 12589 | Unsecured | | $81,119.48 | $0.00 | $81,119.48 |
| 03<br>070<br>7100-00 | Capital One, N.A.<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $2,631.12 | $0.00 | $2,631.12 |
| 04<br>070<br>7100-00 | Dell Financial Services, LLC<br>Resurgent Capital Services<br>PO Box 10390<br>Greenville, SC 29603-0390 | Unsecured | | $381.12 | $0.00 | $381.12 |
| 05<br>070<br>7100-00 | Capital Recovery V, LLC<br>c/o Recovery Management Systems<br>Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $365.03 | $0.00 | $365.03 |
| 06<br>070<br>7100-00 | Capital Recovery V, LLC<br>c/o Recovery Management Systems<br>Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $2,729.48 | $0.00 | $2,729.48 |
| 07<br>070<br>7100-00 | Capital Recovery V, LLC<br>c/o Recovery Management Systems<br>Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $7,570.90 | $0.00 | $7,570.90 |
| 08<br>070<br>7100-00 | Capital Recovery V, LLC<br>c/o Recovery Management Systems<br>Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $1,729.75 | $0.00 | $1,729.75 |

| | | EXHIBIT C | | | |
|---|---|---|---|---|---|
| Page 2 | | ANALYSIS OF CLAIMS REGISTER | | | Date: January 16, 2015 |

Case Number: 13-35267  
Debtor Name: SERVELLON, ANTONIO  

Claim Class Sequence

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 09<br>070<br>7100-00 | Capital Recovery V, LLC<br>c/o Recovery Management Systems Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami FL 33131-1605 | Unsecured | | $893.92 | $0.00 | $893.92 |
| 10<br>070<br>7100-00 | PYOD, LLC its successors and assigns<br>as assignee<br>of Citibank, N.A.<br>Resurgent Capital Services<br>PO Box 19008<br>Greenville, SC 29602 | Unsecured | | $984.47 | $0.00 | $984.47 |
| | Case Totals: | | | $102,329.28 | $0.00 | $102,329.28 |

Code #:  Trustee's Claim Number, Priority Code, Claim Type

# TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-35267
Case Name: SERVELLON, ANTONIO
                SERVELLON, MICHELE
Trustee Name: PAUL L. BANNER, Trustee

Balance on hand     $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: PAUL L. BANNER, Trustee | $ | $ | $ |
| Trustee Expenses: PAUL L. BANNER, Trustee | $ | $ | $ |
| Attorney for Trustee Fees: Banner & Banner, Esq. | $ | $ | $ |
| Charges: Bankruptcy Court | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses     $_____

Remaining Balance     $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $     must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

    The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

    Timely claims of general (unsecured) creditors totaling $               have been allowed and will be paid _pro rata_ only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be         percent, plus interest (if applicable).

    Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 01 | eCAST Settlement Corp. | $ | $ | $ |
| 02 | David Belarge | $ | $ | $ |
| 03 | Capital One, N.A. | $ | $ | $ |
| 04 | Dell Financial Services, LLC | $ | $ | $ |
| 05 | Capital Recovery V, LLC | $ | $ | $ |
| 06 | Capital Recovery V, LLC | $ | $ | $ |
| 07 | Capital Recovery V, LLC | $ | $ | $ |
| 08 | Capital Recovery V, LLC | $ | $ | $ |
| 09 | Capital Recovery V, LLC | $ | $ | $ |
| 10 | PYOD, LLC its successors and assigns as assignee | $ | $ | $ |

    Total to be paid to timely general unsecured creditors    $_____

    Remaining Balance    $_____

Tardily filed claims of general (unsecured) creditors totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $      have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE